LITTLEJOHN *v.* COREY.

HIGHWAYS AND STREETS—ABANDONMENT—TRESPASS—INJUNCTION.
   In suit by adjoining landowners against highway commissioner
   to restrain trespass on land alleged to have been abandoned
   as highway, decree in favor of defendant is affirmed, on appeal.

Appeal from Mecosta; Pugsley (Earl C.), J.  Submitted January 22, 1931.  (Docket No. 101, Calendar No. 35,421.)  Decided April 7, 1931.

Bill by James B. Littlejohn and another against J. F. Corey, highway commissioner of Grant township, Mecosta county, to restrain trespasses on land alleged to have been abandoned as a highway.  From decree rendered, plaintiff appeals.  Affirmed.

*Arthur J. Butler,* for plaintiffs.

*Fred R. Everett,* for defendant.

WIEST, J.  The appeal herein presents the question of whether a public highway exists on the line between sections 32 and 33, Grant township, Mecosta county, from the quarter post north to where an angling road leads to the southwest.  The strip in suit was established as a highway many years ago, and, at the quarter post, there was a highway to the west.  In 1894 a cut-off, or angling road, leaving the section line about 47 rods north of the quarter post and to the southwest was established, and the road from the quarter post west was abandoned.  Plaintiffs own the land on both sides of the old sec-

tion line road from the quarter post north to the angling road, and claim that, from the angling road to the quarter post, the section line road was abandoned. Defendant denies this. The issue in the circuit court also involved the existence of a highway along the section line from the quarter post south to Pickerel lake. The circuit judge held that, from the quarter post south there was not a ''public road either duly laid out or by user,'' and enjoined travel thereover, but also held that, from the quarter post north to the angling road there ''was and is a public highway and that the same has never been legally discontinued or abandoned.'' Plaintiffs appealed from the last-mentioned holding.

Defendant not having appealed, the issue here relates only to the old roadway north of the quarter post.

The evidence has been examined with care, and we are unable to find, by a preponderance thereof, that the road from the quarter post north to the angling road ceased to exist, either by abandonment or nonuser. After establishment of the cut-off and abandonment of the road west from the quarter post there was little occasion to use the section line road down to the quarter post, but it was in fact used by the public and some repairs, though slight, were made. Pickerel lake, at the south end of the section line, appears to have been a favorite place for fishermen and picnic gatherings, and to reach that point travelers used the old road from the angling road to the quarter post and from there proceeded over plaintiffs' land to the lake.

Under the decree in the circuit court, the section line road ends at the quarter post, and, unless a highway is opened from the quarter post to Pickerel lake, there will be little, if any, occasion to use the

old highway from the angling road to the quarter post. This, however, is not decisive.

Plaintiffs now make no claim of rights acquired by adverse possession, and it may be stated that, under the evidence, no such title has been acquired.

The decree in the circuit is affirmed, with costs to defendant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.